**No. 59621.**—Holeproof Hosiery Co. v. United States, petitions 7115–R, 7116–R, 7117–R, and 7118–R (Milwaukee).

MOLLISON, Judge: These are petitions filed under the provisions of section 489 of the Tariff Act of 1930 for the remission of additional duties accruing by reason of undervaluation on entry of certain nylon yarn imported from Canada. At the hearing, the cases were consolidated for trial and disposition.

At the trial, the petitioner offered uncontradicted evidence which established the following state of facts: At the time of importation of the merchandise here involved, there was a shortage, both in the United States and Canada, of nylon yarn used by the petitioner in its manufacturing operations. The prime suppliers of such yarn had placed their customers on an allotment basis in accordance with their needs, and no extra yarn was offered by the suppliers. The Canadian subsidiary of the petitioner agreed to resell part of its allotment of yarn to the petitioner at the price charged by the supplier, and entry was made on that basis.

On appraisement, an advance in value was made by the appraiser, the basis of which is not disclosed in the record, although it is suggested that there might have existed at the time of exportation a so-called "secondary market" (said to be a source of supply other than the prime producers), which might have affected the value of the merchandise. Appeals for reappraisement, although taken by the petitioner, were later abandoned upon advice of counsel that it was impractical to obtain evidence as to manufacturing costs in Canada believed to be necessary to successful prosecution of the appeals.

It is clear from the evidence offered by the petitioner in support of the petitions that its officers and agents acted diligently at all pertinent times in an effort to secure information as to the correct value at which the merchandise should be entered, and that at no time were they aware of any other value applicable to the merchandise than that stated on entry thereof.

We are satisfied that entry of the merchandise at less value than that returned upon appraisement was without intention to defraud the revenue of the United States, to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise, and we so find.

Judgment will, therefore, issue granting the petitions accordingly.